UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDMOND WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:12-cv-277-JMS-MJD |
| | ) |
| STANLEY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Edmond Williams seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISF 12-05-0326. In that proceeding, Williams was found guilty of possession of an electronic device. The relevant sanctions imposed included the loss of earned credit time. Contending that the disciplinary proceeding is tainted by constitutional error, Williams seeks a writ of habeas corpus. The Court finds, however, that there was no error of that nature and that Williams' habeas petition must therefore be **denied.**

Williams is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), without due process. *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). In these circumstances, Williams was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by

the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445 (1985).

Williams received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Williams was given the opportunity to appear before an impartial decision-maker and make a statement concerning the charge, (2) the decision-maker issued a sufficient statement of its findings, and (3) the decision-maker issued a written reason for his decision and for the sanctions imposed. Williams' arguments that he was denied due process are either refuted by the expanded record or based on assertions which do not entitle him to relief. Williams' specific arguments are addressed below.

Williams argues that the correctional officer involved in the incident that led to the disciplinary action, Officer Woolery, gave inconsistent statements and that Williams' account of the incident was correct. This amounts to an allegation that the evidence was insufficient to find him guilty of possession of an electronic device.

In a prison disciplinary proceeding, a verdict of guilt must be supported by at least "some evidence." *Hill*, 472 U.S. at 454. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Determining whether the standard of "some evidence" is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. *Hill,* 472 U.S. at 455-56. Instead, the relevant question is whether there is any evidence in the record that could support the conviction. *Id.*

The evidence here included the conduct report and physical evidence. The conduct report submitted by Officer Woolery states:

> On the above date [May 25, 2012] and approx time [1500 hrs] I C/O Woolery 408 was told to go shake down offender Williams (DOC 127984). When taking offender Williams into the Restroom to strip search him I then found a pocket sewen [sic] into the front of his sweat pants. I then found a cell phone and took it and finished the search.

There was also physical evidence including a report showing Officer Woolery confiscated the cell phone from Williams and a picture of the cell phone.

Williams claims that Officer Woolery gave a statement inconsistent with that of his conduct report because Officer Woolery stated at the disciplinary hearing that "he took the cell phone from Williams' hand as he tried to hand it off" whereas in his conduct report he stated that "he found a pocket sewen [sic] into the front of his sweat pants… [and] then found a cell phone and took it…" But these statements are not necessarily contradictory. Officer Woolery could have discovered the pocket and subsequently observed Williams attempt to hand off the phone. Further, so long as there is some evidence that Williams possessed the phone, and Williams received the necessary due process, the finding of guilt and imposition of sanctions must be affirmed. *See McPherson*, 188 F.3d at 787.

Williams also asserts that the witness statement of prisoner John Gertchen contained the correct version of the events. However, this is merely an invitation to reweigh the evidence and assess the credibility of the witnesses, which the Court will not do in reviewing a disciplinary decision. *See id.* at 786. The evidence in this matter satisfies the constitutional requirement of "some evidence" to support the hearing officer's finding of guilt in this case.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the

charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Williams to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    IT IS SO ORDERED.

Date: 06/19/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Edmond Williams
No. 127984
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West US Hwy. 40
Greencastle, IN 46135

All electronically registered counsel